STATE ex rel. Judy J. WILFONG, individually and as parent and natural guardian of Charles William Stahlman, a minor, et al., Relators,

v.

The Honorable Jeff W. SCHAEPER-KOETTER, Judge, Circuit Court, Franklin County, Respondent.

No. 78635.

Supreme Court of Missouri, En Banc.

Nov. 19, 1996.

---

Camala C. Francis, St. Louis, for Relators.

Gary Paul, James C. Thaele, Michael R. Cardenas, Aaron I. Mandel, Clayton, for Respondent.

BENTON, Judge.

Individually and as a parent and natural guardian, Judy J. Wilfong sued St. John's Mercy Medical Center and Dr. Garry R. Scarato, alleging injuries from their refusal to provide timely medical care. During discovery, the respondent judge issued the following order:

> Judy Wilfong Stahlman ordered to sign authorizations for defendant's attorneys as to all of her other children—siblings of π Charles Stahlman. Court will stay order for 15 days if plaintiff wishes to apply for writ.

Although the court of appeals denied her writ application, Wilfong still maintains that the authorizations permit discovery of privileged, irrelevant medical records. This Court issued a preliminary writ of prohibition, now made absolute. *Mo.Const. art. V, § 4.*

## I.

Prohibition will issue if "there is an important question of law decided erroneously that would otherwise escape review by this Court, and the aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision." *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 577 (Mo. banc 1994), citing *State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861, 862–63 (Mo. banc 1986). This basis for prohibition particularly applies where privileges are at issue. "Once the privilege is discarded and the privileged material produced, the damage to the party against whom discovery is sought is both severe and irreparable. The damage cannot be repaired on appeal." *State ex rel. Peabody Coal Co. v. Clark,* 863 S.W.2d 604, 608 (Mo. banc 1993). Prohibition is the proper means to contest the enforcement of discovery of allegedly privileged information. *State ex rel. Cain v. Barker,* 540 S.W.2d 50, 51 (Mo. banc 1976).

## II.

The circuit court's order must be quashed for two reasons. First, the respondent judge used an improper procedure to compel inspection of the siblings' medical records. The circuit court may order *parties* to produce only those documents in their possession, custody, or control. *Rule 58.01(d), Rule 61.01(d)*[1]. A subpoena duces tecum is the proper process to produce records in the possession, custody, or control of *non-parties. Rule 57.09(b), Rule 57.03(b)(1)*. "Circuit courts have long been held to possess inherent authority to issue subpoena duces tecum in order to obtain documents necessary to the resolution of the action before them." *State ex rel. Rowland Group, Inc. v. Koehr*, 831 S.W.2d 930, 932 (Mo. banc 1992), citing *State ex rel. Tune v. Falkenhainer*, 288 Mo. 20, 231 S.W. 257, 260 (1921), and *State ex rel. St. Louis Union Trust Co. v. Sartorius*, 351 Mo. 111, 171 S.W.2d 569, 575 (1943).

## III.

Second, the parties dispute whether the physician-patient privilege bars discovery, by any procedure, of the other children's medical records.

### A.

The respondent asserts that Wilfong waived the siblings' physician-patient privilege by mentioning their medical conditions in her interrogatory answers, her deposition, and an exhibit. Wilfong answers that she cannot waive the privilege on behalf of her other children.

■■■ The physician-patient privilege prevents a physician from disclosing information received in connection with treating a patient. Section 491.060(5) RSMo 1994; *Brandt v. Medical Defense Associates*, 856 S.W.2d 667, 670 (Mo. banc 1993). Patients may waive the privilege either voluntarily or by placing their physical conditions in issue

by court pleadings. *Id.* at 671. If the privilege is waived, the opposing party may discover the medical records that reasonably relate to the physical conditions at issue. *State ex rel. Stecher v. Dowd*, 912 S.W.2d 462, 464 (Mo. banc 1995). Here, the non-party siblings did not personally place their medical conditions at issue.

■■■ More importantly, Wilfong cannot waive the other children's privilege. "[A] parent, as natural guardian, would have the right to *claim* the privilege on behalf of his child when it would be to the best interests of the minor to do so." *In Re M.P.S.*, 342 S.W.2d 277, 283 (Mo.App.1961) (emphasis added). However, "[w]here the privilege is claimed on behalf of the parent rather than that of the child, or where the welfare and interest of the minor will not be protected, a parent should not be permitted to either claim the privilege ... or, for that matter, to waive it." *Id.* *See State v. Evans*, 802 S.W.2d 507, 511 (Mo. banc 1991). Here, Wilfong—a party to the suit individually and as Charles' parent and natural guardian—may not waive the privilege for her other children.[2]

### B.

■■■ Although not waived by Wilfong, the siblings' physician-patient privilege is not absolute. *Klinge v. Lutheran Med. Ctr. of St. Louis*, 518 S.W.2d 157, 164, 165 (Mo.App. 1974). "The circumstances, facts and interests of justice determine the applicability of the physician-patient privilege to a particular situation." *State ex rel. Lester E. Cox Med. Ctr. v. Keet*, 678 S.W.2d 813, 815 (Mo. banc 1984). *See also Vincent v. Connaught Laboratories, Inc.*, 131 F.R.D. 156, 158 (E.D.Mo. 1990).

Wilfong contends that the siblings' medical records are irrelevant because none of the other children suffer from the same ailments

---

1. All references are to *Missouri Rules of Court 1996.*

2. Minors may sue or defend only by a duly appointed guardian, next friend, or guardian ad litem. *Rule 52.02(a), (e).* While a "next friend and guardian ad litem are alike officers of the court with like powers, duties, and obligations,"

a next friend typically represents minor plaintiffs and a guardian ad litem typically represents minor defendants. *Crawford v. Amusement Syndicate Co.* 37 S.W.2d 581, 584 (Mo.1931). *See Spotts v. Spotts*, 331 Mo. 917, 55 S.W.2d 977, 983 (1932); *Tracy v. Martin*, 363 Mo. 108, 249 S.W.2d 321, 323 (1952).

as Charles. Respondent's attorney asserts, without supporting evidence, that all the children suffer from similar genetic disorders.

During discovery, a party may obtain information regarding any relevant non-privileged matter, including material reasonably calculated to lead to the discovery of admissible evidence. *Rule 56.01(b)(1)*. In this case, the respondent judge could order discovery of the siblings' medical conditions only if they were relevant to the medical malpractice claim and adequate safeguards were provided to protect the non-parties as much as possible. *State ex rel. Benoit v. Randall,* 431 S.W.2d 107, 110 (Mo. banc 1968); *Lester E. Cox Med. Ctr.,* 678 S.W.2d at 815; *St. Louis Little Rock Hosp., Inc. v. Gaertner,* 682 S.W.2d 146, 151–52 (Mo.App.1984). Thus far, the threshold of relevancy has not been demonstrated.

### VI.

The preliminary writ of prohibition is made absolute.

All concur.