STATE ex rel. Laurie DEAN, Relator,

v.

The Honorable Jon A. CUNNINGHAM,
Respondent.

No. SC 86695.

Supreme Court of Missouri,
En Banc.

Jan. 10, 2006.

Rehearing and Motion to Modify Opinion
Denied Feb. 14, 2006.

D. Eric Sowers, Ferne P. Wolf, St. Louis, for Relator.

Daniel K. O'Toole, Jeffrey T. McPherson, Cynthia A. Petracek, Armstong Teasdale, LLP, St. Louis, for Respondent.

Mary Anne Sedey, St. Louis, for Amicus Curiae.

## INTRODUCTORY SUMMARY

MICHAEL A. WOLFF, Chief Justice.

Does the physician-patient privilege apply to an action seeking damages for emotional distress under the Missouri human rights act for alleged sex discrimination and sexual harassment, or does such an action always waive the privilege?

There are three sources of law that govern the issue:

1. An action for damages for sex discrimination and sexual harassment under the Act, section 213.010 et seq.[1], allows recovery of actual and punitive damages.[2] Recoverable actual damages may include awards for emotional distress. *H.S. v. Board of Regents, Southeast Missouri State University*, 967 S.W.2d 665, 673 (Mo.App.1998).

2. The physician-patient privilege in section 491.060(5) provides that various health care providers, including physicians and psychologists, are incompetent to testify concerning any information acquired while attending a patient in a professional capacity.

3. Cases under Missouri's discovery provisions hold that a patient who places his or her physical or mental condition in controversy by bringing a damages claim waives the privilege as to relevant information to which the defendant is entitled in maintaining a defense.

Laurie Dean brought an action for sex discrimination and sexual harassment against her employer and two individuals. To determine whether Dean has waived her privilege, the court examines her pleadings and responses to discovery. Under Missouri's fact pleading, Dean's petition is an outline of her factual contentions that sets the limits on what evidence is relevant at trial. Her discovery responses, which provide elaboration as to her factual contentions, likewise define the limits of relevant evidence at trial.

Dean contends that, though she seeks damages for emotional distress and humiliation, she does not seek recovery for any

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. The court can grant permanent or temporary injunctions, temporary restraining orders, and can award actual damages, punitive damages, court costs, and reasonable attorney fees to the prevailing party. Section 213.111.2.

medically diagnosable injury. Rather, she contends that her emotional distress and humiliation are only what an ordinary person would experience in the circumstances. She refers to this as "garden variety" emotional distress, as distinct from medically documentable injury. In these circumstances, Dean claims, she has not placed her mental or physical condition in controversy and, thus, has not waived the physician-patient privilege.

The respondent trial judge rejected Dean's contentions and ordered her to produce discovery as to her mental health treatment records and to provide authorization for the defendants to obtain her mental health care records.

■■■■ Dean petitioned the court of appeals for a writ of prohibition, which was denied. This Court issued its preliminary writ of prohibition, which is now made absolute, as modified.[3] This Court has jurisdiction. Mo. Const. article V, section 4.

In summary, Dean may present evidence that shows that she was distressed or humiliated by the alleged discrimination, but, because she has not waived her physician-patient privilege, she may not present evidence of treatment for any alleged emotional distress to support her claim for damages. She is not barred from asking the finder of fact to award damages, under the Act, for emotional distress, humiliation, or loss of enjoyment of life so long as it is without reference to medical or psychological treatment and is no more than the kind of emotional distress or humiliation that an ordinary person would experience in such circumstances.

## FACTUAL BACKGROUND

Laurie Dean filed her petition in the circuit court of St. Charles County against her employer, RARE Hospitality International Inc., and Mark Adams and James Knicos, individually, under the provisions of the Act. Dean alleged sex discrimination and sexual harassment during her employment at RARE. Dean pleaded damages for loss of income, and "emotional distress, humiliation, inconvenience, and loss of enjoyment of life."

RARE then propounded discovery requests to Dean, including interrogatories and requests for production of documents. RARE's Interrogatory 1 asked Dean if she claimed, as a result of the matters alleged in her petition, that she had been "treated or attended by any hospitals, doctors, nurses, psychologists, counselors, or others in the healing arts. If your answer is 'yes,' state as to each hospital, doctor, nurse, psychologist, counselor, or others in the healing arts the name, address and telephone number; the dates of all such treatments or attendances." Dean replied "No" to this interrogatory.

Interrogatory 2 asked Dean to "Identify each item of damage you claim you sustained as a result of the conduct of defendant [RARE] as alleged in the Petition; and further state the dollar amount you are claiming for each item of damage; and

**3.** Prohibition is appropriate here to avoid irreparable harm. *See State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861, 862 –863 (Mo. banc 1986). "This basis for prohibition particularly applies where privileges are at issue." *State ex rel. Wilfong v. Schaeperkoetter,* 933 S.W.2d 407, 408 (Mo. banc 1996). "Once the privilege is discarded and the privileged material produced, the damage to the party against whom discovery is sought is both severe and irreparable. The damage cannot be repaired on appeal." *State ex rel. Peabody Coal Co. v. Clark,* 863 S.W.2d 604, 608 (Mo. banc 1993). "Prohibition is the proper means to contest the enforcement of discovery of allegedly privileged information." *Wilfong,* 933 S.W.2d at 408 (citation omitted).

the manner in which you have calculated the dollar amount of each such item of damages." Dean replied that she was claiming "Emotional Distress, Embarrassment, and Humiliation—Plaintiff is, at this time, seeking only 'garden variety' emotional distress damages."

Interrogatory 12, to which Dean objected, asked Dean to "State whether you have *ever* consulted or been treated by a psychiatrist, psychologist, counselor or other health care practitioner for mental distress, emotional suffering or any other mental or emotional condition. If your answer is 'yes,' state as to each hospital, doctor, nurse, psychologist, counselor, or others in the healing arts the name, address and telephone number; the dates of all such treatments or attendances." (Emphasis added.) Dean's objection to Interrogatory 12 was based, in part, on the physician-patient privilege and the fact that the interrogatory was not limited in scope and time.

RARE's request for production of documents number 13 asked Dean to produce "All medical records, reports, charts or notations of any kind describing or indicating plaintiffs (sic) physical or mental condition prepared by any physician, therapist, or any other person having occasion to treat, examine or care for plaintiff as requested in Interrogatory Number 1, and additionally, plaintiff is requested to execute the medical records release attached hereto to enable defendant [RARE] to acquire such documents." Dean objected to the request, in part, by asserting the physician-patient privilege and that the request was not limited in time.

Additionally, Dean refused to execute the medical record release attached to request for production of documents number 13. The attached release authorized RARE's attorneys to "inspect and copy all office, medical and hospital records, re-ports and other medical documents" in the possession of the recipient "and relating to illnesses of or injuries, examinations, treatment or confinement of the patient." The authorization included "records of all examinations, treatments and tests, including in-patient, out-patient and emergency room, whether for diagnostic or prognostic purposes, consultation reports, correspondence, x-rays, nurses notes, bills, doctors notes, photographs, videotapes, MRIs, and CT scans, workers' compensation records, psychologists notes and mental health records." The authorization left a blank line after the "TO:" designation and was not, itself, limited to mental health care providers.

After Dean's objections to its discovery, RARE sought an order to compel discovery from the trial judge. The judge granted RARE's motion to compel and ordered Dean to "produce all of her mental health treatment records" and "execute authorizations for the production of those records," and to answer Interrogatory 12. The judge held that "[b]y pleading for emotional distress damages, [Dean] place[d] her mental and emotional condition at issue and, thus, ma[de] her mental health treatment history discoverable."

## THE SOURCES OF LAW

### The Missouri Human Rights Act

■ The Act protects important societal interests in prohibiting discrimination in employment, public accommodation, and other interests on the basis of sex, race, color, religion, national origin, ancestry, age as it relates to employment, disability, or familial status as it relates to housing. Section 213.010(5). The Act provides for broad enforcement authority in the Missouri human rights commission and administrative remedies. In addition, to further this societal interest in eliminating dis-

crimination, the Act allows a claimant to seek damages for actual and punitive damages, court costs, and reasonable attorney fees.[4] Section 213.111.2. A court may also grant appropriate injunctive relief. *Id.*

The Act, in allowing a claim for damages, shows legislative intent to include private claims for relief by aggrieved employees and others, to further the enforcement of the statute. To allow a wideranging and legally irrelevant inquiry into a claimant's medical and psychological history could work at cross-purposes to the Act by deterring legitimate claims.

### The Physician–Patient Privilege

■ The privilege statute, section 491.060(5), speaks in terms of competency to testify, but is construed as a privilege statute.[5] It provides that licensed physi-

cians, chiropractors, psychologists, and dentists are incompetent to testify "concerning any information which he or she may have acquired from any patient while attending the patient in a professional character, and which information was necessary to enable him or her to prescribe and provide treatment for such patient as a physician, chiropractor, psychologist or dentist." There is also a fiduciary duty of confidentiality owed by a treating physician to his or her patients not to disclose information received in connection with treatment. *Brandt v. Medical Defense Assoc.*, 856 S.W.2d 667, 669–670 (Mo. banc 1993). Although the psychologist-patient relationship is included in the section 491.060(5) protection afforded to the physician-patient relationship, the confidential nature of the psychologist-patient relationship is also protected in section 337.055.[6]

4. The Eighth Circuit in *Glover v. McDonnell Douglas Corp.*, 981 F.2d 388, 395 (8th Cir. 1992), *vacated on other grounds, Glover v. McDonnell Douglas Corp.*, 510 U.S. 802, 114 S.Ct. 42, 126 L.Ed.2d 13 (1993), *on remand to, Glover v. McDonnell Douglas Corp.*, 12 F.3d 845 (8th Cir.1994), *cert. denied*, 511 U.S. 1070, 114 S.Ct. 1647, 128 L.Ed.2d 366 (1994), has incorrectly determined that, in cases under the Act, Missouri courts appear to "require expert medical testimony to support a claim of emotional distress whenever physical injuries are not incurred, regardless of whether emotional distress constitutes a substantive element of the cause of action or an element of damages for any other type of action." There, the Eighth Circuit vacated a jury's award of emotional distress damages under the Act on the basis that Glover failed to present expert medical testimony to support a claim of emotional distress. *Glover I*, 981 F.2d at 395; *Glover II*, 12 F.3d at 848. This erroneous determination was based on *Bass v. Nooney Co.*, 646 S.W.2d 765 (Mo. banc 1983). As discussed below, *Bass* involved a tort claim for negligent infliction of emotional distress where medically documentable damages are an element of the cause of action. In contrast, a violation of the Human Rights Act is more akin to the tort of intentional infliction of emotional distress,

for which medically documented damages need not be proven. *Fust v. Francois*, 913 S.W.2d 38 (Mo.App.1995); *Lipari v. Volume Shoe Corp.*, 664 S.W.2d 953 (Mo.App.1983).

5. The statute makes physicians, who are not otherwise incompetent to testify, incompetent to testify about matters relating to the treatment of their patients. The privilege is for the benefit of the patient and belongs to the patient, not the physician. The patient, in certain circumstances, may waive the privilege. *See generally* O'BRIEN, MO. LAW OF EVIDENCE (4th ed.2002), Section 6–4.

6. Section 337.055 states: "Any communication made by any person to a licensed psychologist in the course of professional services rendered by the licensed psychologist shall be deemed a privileged communication and the licensed psychologist shall not be examined or be made to testify to any privileged communication without the prior consent of the person who received his professional services." Although the physician-patient privilege, which includes psychologists, is written in terms of competency to testify, and the psychologist statute is a protection of confidences, they are of the same effect and the analysis is the same under both statutes.

The section 491.060(5) privilege applies to medical records and all aspects of discovery. *State ex rel. Crowden v. Dandurand,* 970 S.W.2d 340, 342 (Mo. banc 1998); *State ex rel. Benoit v. Randall,* 431 S.W.2d 107, 109 (Mo. banc 1968). "The purpose of the physician-patient privilege is to enable the patient to secure complete and appropriate medical treatment by encouraging candid communication between patient and physician, free from fear of the possible embarrassment and invasion of privacy engendered by an unauthorized disclosure of information." *State ex rel. Woytus v. Ryan,* 776 S.W.2d 389, 392 (Mo. banc 1989).

### Waiver of the Privilege

The physician-patient privilege is not absolute. The patient can waive the statutory privilege either by express or implied waiver. "[O]nce the matter of plaintiff's physical condition is in issue under the pleadings, plaintiff will be considered to have waived the privilege under [section] 491.060(5) so far as information from doctors or medical and hospital records bearing on that issue is concerned." *State ex rel. McNutt v. Keet,* 432 S.W.2d 597, 601 (Mo. banc 1968). "[U]nder this rule, defendants are not entitled to any and all medical records, but only those medical records that relate to the physical conditions at issue under the pleadings." *State ex rel. Stecher v. Dowd,* 912 S.W.2d 462, 464 (Mo. banc 1995).

Has Dean waived her privilege by placing her mental condition in controversy?

The first look is to the pleadings, which set forth the ultimate facts Dean intends to prove. *See* Rule 55.05; *Luethans v. Washington University,* 894 S.W.2d 169, 171–72 (Mo. banc 1995). She seeks damages, as authorized by section 213.111.2, for "emotional distress, humiliation, inconvenience, and loss of enjoyment of life." A petition, however, usually does not disclose what evidence a plaintiff will seek to introduce, nor is it required to do so. For that, the discovery rules allow the parties to obtain information regarding any matter "relevant to the subject matter involved in the pending action" so long as the matter is not privileged. Rule 56.01(b)(1). Missouri discovery rules allow so-called "contention interrogatories," which allow a party to discover the factual theory of the adversary's case. Rule 57.01(c).[7] Dean's discovery responses, as noted, represent that she has sought no treatment for emotional distress, that she has no dollar amount for any item of emotional damage, and that she is "at this time, seeking only 'garden variety' emotional distress damages."

Damages for emotional distress and humiliation are discussed in *Missouri Commission on Human Rights v. Red Dragon Restaurant, Inc.,* 991 S.W.2d 161 (Mo.App.1999). Injuries caused by deprivations of civil rights differ from most other tort claims. They are not part of a claim based upon physical injury. Damages for humiliation and emotional distress in civil rights cases, as the court held in *Red Dragon,* may be "established by testimony or *inferred from the circumstances.*" 991 S.W.2d at 171 (quoting *Johnson v. Hale,* 940 F.2d 1192, 1193 (9th Cir.1991)) (emphasis added).

---

**7.** Rule 57.01(c) provides: "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time."

■ To put *Red Dragon* in the discovery context, if emotional distress damages are to be supported by expert testimony or evidence of medical or psychological treatment, the privilege is waived. If such damages are to be inferred from the circumstances, the privilege is not waived.

■ By her discovery responses, Dean has precluded herself from offering any evidence that she sought treatment for emotional distress and any evidence that she has any diagnosable condition allegedly resulting from the acts of discrimination or harassment. She may, however, seek damages for emotional distress of a generic kind—that is, the kind of distress or humiliation that an ordinary person would feel in such circumstances. These damages are generally in the common experience of jurors and do not depend on any expert evidence.[8]

In these circumstances, evidence of Dean's medically or psychologically diagnosable mental or physical condition is irrelevant to the question of whether she suffered "garden variety" emotional distress as a result of the incidents pleaded in her sex discrimination and sexual harassment claims. Her particular past or present mental condition, in that respect, is not in controversy.

Missouri tort cases that the parties cite are helpful, but not dispositive. *State ex rel. Crowden v. Dandurand,* 970 S.W.2d 340 (Mo. banc 1998), and *Cline v. William*

*H. Friedman & Assoc., Inc.,* 882 S.W.2d 754 (Mo.App.1994), are personal injury cases where, along with physical injuries, plaintiffs claimed "mental anguish." The physical injury claims waived the medical information privileges, and the defense was permitted to discover psychiatric records as well as records of physical conditions. In both cases, plaintiffs appeared to be planning medical evidence as to both physical injuries and mental consequences. Where the pleadings and discovery frame the issues in this manner, the mental anguish records and testimony are part of the evidence as to physical injury.

■ Of a different sort are mental distress injuries claimed in common law tort cases where there has been no physical injury. *Bass v. Nooney,* 646 S.W.2d 765 (Mo. banc 1983), recognized the common law tort claim of negligent infliction of mental distress, unaccompanied by physical injury. To establish such a claim, the plaintiff must show a medically diagnosed condition that resulted from the negligent act. The very nature of the claim, and the necessity for medical proof, would waive a claim of privilege. By contrast, courts have held, after *Bass,* that for intentional torts no medical testimony is needed to show mental or emotional distress. *Fust v. Francois,* 913 S.W.2d 38 (Mo.App.1995); *Lipari v. Volume Shoe Corp.,* 664 S.W.2d 953 (Mo.App.1983).

---

8. The following cases hold that a plaintiff's claim for "emotional distress" damages constitutes a waiver of the psychotherapist-patient privilege: *Kirchner v. Mitsui & Co. (U.S.A.), Inc., et al.,* 184 F.R.D. 124 (M.D.Tenn.1998); *EEOC v. Danka Industries, Inc.,* 990 F.Supp. 1138 (E.D.Mo.1997); *Vann v. Lone Star Steakhouse & Saloon of Springfield, Inc.,* 967 F.Supp. 346 (C.D.Ill.1997); *Sarko v. Penn–Del Directory Co.,* 170 F.R.D. 127 (E.D.Pa.1997); *Schoffstall v. Henderson,* 223 F.3d 818 (8th Cir.2000).

The following cases find no waiver in similar circumstances: *Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225 (D.Mass.1997); *Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No. 33,* 126 F.R.D. 422 (D.Mass.1989); *Ruhlmann v. Ulster County Dept. of Social Services,* 194 F.R.D. 445 (N.D.N.Y.2000) (includes a detailed discussion of the case law on both sides of this particular issue). *See also, Johnson v. Trujillo,* 977 P.2d 152 (Colo.1999).

This Court notes that Dean's discovery responses deny a claim for medically diagnosable injuries "at this time." If her position changes, she will be obliged to supplement her responses. Rule 56.01(e). Such a change in position, for example by a contention that she was treated for depression resulting from defendants' alleged acts, will waive the privilege. The trial judge would, under that circumstance, not be prohibited from requiring Dean to disclose medical records and execute authorizations.[9] The trial judge also has discretion to ensure that the discovery responses are timely made. He may preclude such evidence if Dean is timing her discovery supplementation near the date of trial in a manner prejudicial to the defendants. Furthermore, the corollary to Dean's denial that she has a medically diagnosable injury is that the defense is entitled to bring that fact to the attention of the jury, through her answers to interrogatories, through cross-examination or otherwise. In other words, the defense may show that Dean's emotional distress and humiliation were not so severe as to require medical or physical consultation or treatment.

## CONCLUSION

■ A person claiming emotional distress damages for sex discrimination and sexual harassment under the Act is protected by the physician-patient privilege where:

(1) her claim is only for such emotional distress and humiliation that an ordinary person would experience under the circumstances or that may be inferred from the circumstances, and

(2) is not to be supported by any evidence of medical or psychological treatment for a diagnosable condition.

**9.** The Court does not reach Dean's contention

This Court's preliminary writ of prohibition is made absolute, as modified.

All concur.

that the order for discovery was overbroad.