# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3169

_____

Carolyn Bogan,            *

           *

      Plaintiff-Appellant,      *

           *

   v.            *

           *

General Motors Corporation,    *    Appeal from the United States

           *    District Court for the

      Defendant-Appellee,    *    Eastern District of Missouri.

           *

   and            *

           *

North American Security Solutions,    *

           *

      Defendant.       *

_____

Submitted: May 16, 2007
Filed: August 29, 2007

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Carolyn Bogan challenges the adverse grant of summary judgment on her claim for intentional infliction of emotional distress against General Motors Corporation (GM). The district court determined Bogan failed to present expert testimony necessary to support her claim; in the alternative, the district court determined the

emotional distress claim was preempted by federal labor law.  <u>Bogan v. Gen. Motors Corp.</u>, 437 F. Supp. 2d 1040, 1048, 1050 (E.D. Mo. 2006).  We reverse.

I

GM hired North American Security Solutions (NASS), a private security firm, to investigate alleged drug sales at its assembly plant in Wentzville, Missouri. Dwayne Harrell, an employee of NASS, posed as a GM employee during the investigation.  In his written reports to GM, Harrell claimed he observed Bogan and several other GM employees selling or using drugs in the workplace.

GM fired Bogan as a result of the investigation.  An article appeared in the St. Louis Post-Dispatch listing Bogan as one of eight GM employees charged with selling marijuana at work.  After the criminal charges filed against Bogan were dismissed, GM rehired Bogan in part settlement of a grievance she brought challenging her termination.

Bogan brought suit in state court against GM and NASS alleging various claims.  After the case was removed to federal district court, GM moved for summary judgment on the four claims brought against it for intentional infliction of emotional distress, negligent infliction of emotional distress, libel, and malicious prosecution. With respect to the claims for negligent and intentional infliction of emotional distress, GM made two alternative arguments.  First, GM argued Missouri law required Bogan to present expert testimony showing her emotional distress was medically diagnosed and of sufficient severity to be medically significant.  Bogan failed to provide GM with expert disclosures in a timely manner, and thus GM argued summary judgment was appropriate.  Second, GM argued the emotional distress claims were preempted by federal labor law because they depended upon an interpretation of GM's collective bargaining agreement (CBA).  The district court agreed with GM's arguments and granted summary judgment on both grounds.  The

-2-

district court also granted summary judgment on Bogan's claims for libel and malicious prosecution.

Bogan filed a timely appeal. On appeal, Bogan does not contest the dismissal of her claims for negligent infliction of emotional distress, libel, or malicious prosecution. She challenges only the dismissal of her claim for intentional infliction of emotional distress. Bogan contends Missouri does not require medically documented damages for a plaintiff to proceed on a claim of intentional infliction of emotional distress. Bogan also contends federal labor law does not preempt her intentional infliction of emotional distress claim because its adjudication does not depend upon, or require the interpretation of, GM's CBA.

II

A

The first issue on appeal is whether Missouri requires medically documented damages to proceed on a claim for intentional infliction of emotional distress, an issue we review de novo. See Horstmyer v. Black & Decker (U.S.), Inc., 151 F.3d 765, 772 (8th Cir. 1998) ("We review de novo a district court's determination of how a forum state's highest court would decide a novel legal issue or cause of action, giving no deference to the district court's interpretation of state law.").

The Missouri Supreme Court has not directly decided whether expert medical testimony is required for an intentional infliction of emotional distress claim. As a consequence, "it is the task of this court to predict how the state supreme court would resolve the issue." United Fire & Cas. Ins. Co. v. Garvey, 328 F.3d 411, 413 (8th Cir. 2003). In predicting how a state supreme court might decide an issue, we may "consider relevant state precedent, analogous decisions, considered dicta, scholarly

works and any other reliable data." Ventura v. Titan Sports, Inc., 65 F.3d 725, 729 (8th Cir. 1995).

Relying upon a recent statement by the Missouri Supreme Court in State ex rel. Dean v. Cunningham, 182 S.W.3d 561 (Mo. 2006), Bogan contends Missouri does not require medically documented damages for claims of intentional infliction of emotional distress.[1] The claims involved in Dean were for sex discrimination and sexual harassment under the Missouri Human Rights Act, so the issue whether medically documented damages are necessary to proceed on a claim of intentional infliction of emotional distress was not directly before the court. In a footnote, however, the Missouri Supreme Court discussed the Eighth Circuit's decision in Glover v. McDonnell Douglas Corp., 981 F.2d 388 (8th Cir. 1992), which interpreted Missouri law as requiring expert medical testimony to support all types of emotional distress claims. The Missouri Supreme Court characterized Glover's interpretation of Missouri law as erroneous, stating:

---

[1]GM argues Bogan waived this issue by not citing and relying upon Dean in the district court. Bogan counters that the issue before us remains the same as the one before the district court – whether a lack of expert medical testimony precludes her from going forward with her claim for intentional infliction of emotional distress – and her argument on appeal is merely a different one as to why we should resolve the issue in her favor. See Universal Title Ins. Co. v. United States, 942 F.2d 1311, 1314 (8th Cir. 1991) ("The real question should be whether the new argument is such as to raise a new issue . . .. [W]e think it would be in disharmony with one of the primary purposes of appellate review were we to refuse to consider each nuance or shift in approach urged by a party simply because it was not similarly urged below." (alterations in original) (citation omitted)).

Notably, the district court addressed the issue in its opinion granting summary judgment, even citing and discussing Dean. See Bogan v. GM, 437 F. Supp. 2d. at 1047 n.8. Under these circumstances, even assuming Bogan raises a new issue rather than simply making a different argument in support of the same issue, we will consider it because it has been fully briefed and "involves a purely legal issue in which no additional evidence or argument would affect the outcome of the case." Universal Title, 942 F.2d at 1314-15.

This erroneous determination was based on <u>Bass v. Nooney Co.</u>, 646 S.W.2d 765 (Mo. banc 1983). As discussed below, <u>Bass</u> involved a tort claim for negligent infliction of emotional distress where medically documentable damages are an element of the cause of action. In contrast, a violation of the Human Rights Act is more akin to the tort of intentional infliction of emotional distress, for which medically documented damages need not be proven.

<u>Dean</u>, 182 S.W.3d at 566 n.4.

Later in its opinion, the Missouri Supreme Court again discussed the difference between the proof necessary to proceed on a claim of negligent infliction of emotional distress, and the proof necessary to proceed on a claim of intentional infliction of emotional distress:

Of a different sort are mental distress injuries claimed in common law tort cases where there has been no physical injury. <u>Bass v. Nooney</u>, 646 S.W.2d 765 (Mo. banc 1983), recognized the common law tort claim of negligent infliction of mental distress, unaccompanied by physical injury. To establish such a claim, the plaintiff must show a medically diagnosed condition that resulted from the negligent act. The very nature of the claim, and the necessity for medical proof, would waive a claim for privilege. By contrast, courts have held, after <u>Bass</u>, that for intentional torts no medical testimony is needed to show mental or emotional distress. <u>Fust v. Francois</u>, 913 S.W.2d 38 (Mo. App. 1995); <u>Lipari v. Volume Shoe Corp.</u>, 664 S.W.2d 953 (Mo. App. 1983).

<u>Id.</u> at 568.

Citing a number of Missouri appellate court decisions, as well as federal district court decisions interpreting Missouri law, GM contends Missouri requires medical testimony to support a claim for intentional infliction of emotional distress, and urges us to disregard the statements in <u>Dean</u> as dicta. Our task, however, is to predict how the Missouri Supreme Court would resolve this issue, not how the intermediate state

courts have resolved it. In completing our task, we will not disregard the clear pronouncements recently made by the court that matters most. <u>See</u> <u>Ventura</u>, 65 F.3d at 729 (listing "considered dicta" as one of the items relevant in predicting how a state supreme court might resolve an issue).

GM also claims the statements in <u>Dean</u> should be disregarded because neither of the cases cited in support of the statements, <u>Fust v. Francois</u>, 913 S.W.2d 38 (Mo. Ct. App. 1995) or <u>Lipari v. Volume Shoe Corp.</u>, 664 S.W.2d 953 (Mo. Ct. App. 1983), involved claims for intentional infliction of emotional distress. <u>Fust</u> and <u>Lipari</u>, however, both involved claims for intentional torts. In <u>Fust v. Francois</u>, the court generally discussed the distinction between negligent and intentional torts *vis a vis* the medical testimony required to support the latter. <u>See</u> <u>Fust</u>, 913 S.W.2d at 48 ("When an intentional tort is involved . . . there is no need to use the <u>Bass</u> standard, and the jury is free to consider such damages as embarrassment, humiliation, disgrace and mental suffering without medical proof thereof."). Intentional infliction of emotional distress, like the claims for malicious prosecution involved in <u>Fust</u> and <u>Lipari</u>, is an intentional tort. We read <u>Dean</u> as citing <u>Fust</u> and <u>Lipari</u> for the distinction between intentional and negligent torts, and thus it is immaterial the two cases happened to involve a different intentional tort than intentional infliction of emotional distress.

In light of the clear statements made in <u>Dean</u>, the task of predicting how the Missouri Supreme Court would resolve the issue at hand is relatively simple. We predict the Missouri Supreme Court would recognize "medically documented damages need not be proven" for "the tort of intentional infliction of emotional distress." <u>Dean</u>, 182 S.W.3d at 566 n.4. The district court therefore erred in granting summary judgment on the ground Bogan failed to support her claim with expert medical testimony.

B

Bogan also challenges the district court's alternative ground for dismissing her claim, the conclusion the intentional infliction of emotional distress claim was preempted by § 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185. We review this preemption issue de novo. Jones v. Vilsack, 272 F.3d 1030, 1033 (8th Cir. 2001). "There is no preemption [under the LMRA] unless the state-law claim itself is based on, or dependent on an analysis of, the relevant CBA." Meyer v. Schnucks Mkts., Inc., 163 F.3d 1048, 1050 (8th Cir. 1998); see also Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409-10 (1988) ("[E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for [LMRA] pre-emption purposes.").

The district court concluded Bogan's intentional infliction of emotional distress claim was preempted because its evaluation required the interpretation of a provision in the CBA giving GM the "right to hire; promote; discharge or discipline for cause; and to maintain discipline and efficiency of employees." This "management rights" clause is the sole provision of the CBA upon which GM relies to contend Bogan's claim is preempted.

We first address whether Bogan's state-law claim is "based on" the relevant provision of the CBA. The CBA provision at issue only sets forth rights which inure to GM's benefits and does not give Bogan any rights upon which she could base a claim. Thus, it is clear Bogan's claim is not based on the CBA provision at issue.

We next address whether Bogan's state-law claim is "dependent upon an analysis" of the relevant CBA. To evaluate Bogan's intentional infliction of emotional distress claim, a trier of fact will have to determine whether Harrell intentionally or

-7-

recklessly falsely accused Bogan of selling drugs in the workplace, whether Harrell's conduct in doing so was extreme and outrageous, whether the conduct caused Bogan to suffer severe emotional distress, and whether Harrell's actions were taken in his capacity as an employee or agent of GM. See, e.g., Polk v. INROADS/St. Louis, Inc., 951 S.W.2d 646, 648 (Mo. Ct. App. 1997) (setting forth the elements of an intentional infliction of emotional distress claim under Missouri law); see also Lumbermens Mut. Cas. Co. v. Thornton 92 S.W.3d 259, 270 (Mo. Ct. App. 2002) ("[N]ormally, the acts of a corporation's agent are imputable to its principal.").

The elements of Bogan's state-law claim are not "inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985). A jury will not have to concern itself with GM's right to hire, promote, discharge, or discipline in order to resolve the alleged emotional distress claim. While Bogan may also have a claim GM violated rights or duties set forth in the CBA, we see no need to examine the CBA's management rights clause in order to evaluate whether GM should be liable for Harrell's allegedly tortious conduct. See Meyer, 163 F.3d at 1051 ("For there to be complete preemption, we believe that the claim must require the interpretation of some specific provision of a CBA; it is not enough that the events in question took place in the workplace or that a CBA creates rights and duties similar or identical to those on which the state-law claim is based."); see also Luecke v. Schnucks Mkts., Inc., 85 F.3d 356, 359 (8th Cir. 1996) (finding no preemption where "the pertinent factual inquiry in the state [claim] did not turn on any term of the [collective bargaining] agreement, but rather on the employee's conduct and the employer's conduct and motivation").

Relying upon Johnson v. Anheuser Busch, Inc., 876 F.2d 620 (8th Cir. 1989), GM nevertheless urges us to affirm the district court, arguing preemption was found in Johnson based on the same type of "management rights" clause involved in this case. We decline GM's invitation. First, Johnson did not turn upon the same type of "management rights" clause involved in this case. The Johnson court determined the

evaluation of the state-law claims required interpretation of a CBA's grievance procedure, not a management rights clause. See Johnson, 876 F.2d at 622 n.1. In addition, the claims involved in Johnson related to the plaintiff's alleged violation of specific plant rules governed by the CBA's grievance procedure. See id. at 622. Most importantly, the Johnson court reasoned the plaintiff's alleged plant rule violations and the CBA's grievance procedure were relevant because the employer's "defenses, as well as [the employee's] claims, must be considered in determining whether resolution of the state-law claim requires construing the collective bargaining agreement." Id. at 623 (quoting Hanks v. Gen. Motors Corp., 859 F.2d 67, 70 (8th Cir. 1988)).

As we noted in Meyer, however, we have on other occasions rejected this broader approach to LMRA preemption, that is, an approach where the employer's defenses are relevant. See Meyer, 163 F.3d at 1051 (citing Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1244 (8th Cir. 1995) (holding a discharge-for-just-cause defense did not create a basis for LMRA preemption)). As we further noted in Meyer, "[w]hen faced with conflicting precedents of this kind, we are free to choose which line of cases to follow." Id. (citing Kostelec v. State Farm Fire & Cas. Co., 64 F.3d 1220, 1228 n.8 (8th Cir. 1995)). "We think that the narrower approach to LMRA preemption, which asks only whether the claim itself is necessarily grounded in rights established by a CBA, is more faithful to [Supreme Court precedent]." Id. As a consequence, we conclude the district court erred in determining Bogan's state-law claim for intentional infliction of emotional distress was preempted by federal labor law.

### III

We reverse and remand for further proceedings consistent with this opinion.

_____