**Kyle CORRINGTON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 10–CV–83–WDS.**

United States District Court, S.D. Illinois.

March 2, 2011.

---

D. Keith Short, Lance R. Mallon, Dawna M. Hale, Mallon Law Firm, Wood River, IL, for Plaintiff.

James M. Hipkiss, Assistant U.S. Attorney, Fairview Heights, IL, for Defendant.

### MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is the defendant's motion for summary judgment (Doc. 14) to which the plaintiff has filed a response (Doc. 19) and the defendant a reply (Doc. 20). The plaintiff, Kyle Corrington, filed his single count complaint against the United States asserting that plaintiff, who is employed by Shred–It, was injured on both July 16, 2008, and October 1, 2008, when, during the course of his employment, he was stuck on both occasions by a used syringe needle. Plaintiff was shredding items at the Harry S. Truman Memorial Veterans Hospital (Truman VA), which had a contract with Shred-it. Plaintiff alleges that the Truman VA improperly, through negligence and carelessness, improperly disposed of syringe needles. Plaintiff asserts that he has been required to undergo testing for hepatitis and other diseases, and has suffered mental anguish as a result of his injuries

The United States seeks summary judgment on the grounds that this case arises under the Federal Torts Claims Act, and that there is no liability for negligent infliction of emotional distress under these facts. Under the Act, liability is determined by the law of the state where the injury occurred. 28 U.S.C. § 1346(b)(1); *Campbell v. United States,* 904 F.2d 1188, 1191 (7th Cir.1990). Truman VA is located in Columbia, Missouri, and therefore, the laws of the State of Missouri will control the claim in this case.

#### A. Negligence Actions

In Missouri, to establish negligence, the plaintiff must show: "(1) a legal duty of the defendant to protect the plaintiff from injury, (2) breach of the duty, (3) proximate cause, and (4) injury to the plaintiff." *Stark v. Lehndorff Traders Venture,* 939 S.W.2d 43, 45 (Mo.Ct.App.

1997) (*quoted in Pendergist v. Pendergrass*, 961 S.W.2d 919, 923 (Mo.Ct.App. 1998)). Further,

> To recover damages for emotional distress, a plaintiff must show that (1) the defendant should have realized that [its] conduct involved an unreasonable risk of causing the distress and (2) the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant.

*Id.* With respect to HIV infection or exposure, the court in *Pendergist* held that:

> Absent proof of actual exposure to the HIV virus as a result of a defendant's negligent conduct, that is proof of both a scientifically accepted method, or channel, or transmission and the presence of the HIV virus, the fear of contracting AIDS is unreasonable as a matter of law, and therefore, not a legally compensable injury.

*Id.* at 926. The government asserts, therefore, that mere fear, without more, is insufficient to support a claim for emotional or mental anguish under Missouri law.

■ In response, the plaintiff asserts that at the time of his injury he "panicked and screamed" and that he has suffered anguish from waiting for test results. Plaintiff *asserts* that he fears possibly having a disease, must tell all with whom he is in a relationship that he may be infected, and that he may have a preexisting condition which may result in not having future treatment. Plaintiff asserts that he was advised by his doctor that he may become infected within a 10 year span. Plaintiff asserts therefore, that his fear is reasonable, and, coupled with his actual physical injury of being stuck in the hand, his case is distinguishable from *Pendergist*.

The plaintiff has not, however, offered any evidence of an "actual exposure" to HIV or to hepatitis. *Id.* He asserts that the issue of emotional harm may be established by his reaction to the situation, *State ex rel. Dean v. Cunningham*, 182 S.W.3d 561, 568 (Mo.2006), and that the panic and anxiety he suffered is able to be established without medical treatment. However, *Cunningham* did not involve an exposure to an HIV claim, as is alleged in this case. In fact, plaintiff does not allege that he was injured, and suffered the garden-variety emotional distress case, here his claim is that he was *possibly* exposed to an infectious disease, like HIV or hepatitis, but, as the court in *Pendergist* cautioned, adoption of an "actual exposure rule" serves several public policies. "First, it ensures that a genuine basis for the fear exists," second, it "preserves an objective component in emotional distress cases necessary to ensure stability, consistency, and predictability," and third, "the rule ensures that victims who are exposed to HIV, or actually contract HIV as a result of defendant's negligence are compensated for their emotional distress." 961 S.W.2d at 926.

In light of Missouri's requirement that there be an actual exposure to warrant emotional distress, at this point, plaintiff does not have a compensable claim for emotional or mental distress.

Therefore, the Court **GRANTS** the defendant's motion for summary judgment, and judgment is entered in favor of the United States and against the plaintiff, Kyle Corrington on all claims.

The Clerk of the Court shall enter judgment accordingly. Each party shall bear its own costs.

**IT IS SO ORDERED.**