**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., Plaintiffs,**

v.

**Lexus SERRAMONTE, et al., Defendants.**

**No. C 05–0962–SBA(JL).**

United States District Court,
N.D. California.

March 22, 2006.

Elizabeth Esparza–Cervantes, San Francisco, CA, for Plaintiff EEOC.

John Phillip Boggs, Half Moon Bay, CA, for Defendant Lexus of Serramonte et al.

## ORDER QUASHING SUBPOENAS

LARSON, Chief United States Magistrate Judge.

### Introduction

Plaintiff Equal Employment Opportunity Commission ("EEOC") brings this lawsuit on behalf of Annie Wei and other similarly situated female employees and former employees alleging sexual harassment by Defendants. Wei claims sexual harassment by fellow employees and supervisors and asks the court to compensate her for "emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and humiliation." She does not claim ongoing emotional distress, nor does the EEOC intend to offer either expert testimony or evidence from any of her medical records to support Wei's claim. Defendants subpoenaed records from all Wei's subsequent employers as well as her health care providers dating back to her childhood. Defendants contend they need the subpoenaed documents to *inter alia* establish Wei's veracity and whether she had a preexisting condition which caused her distress. The EEOC asserts Wei's privacy rights and contend that she has not waived them by bringing a "garden variety" claim for emotional distress. The EEOC asks this Court to quash Defendants' subpoenas.

All discovery in this case was referred by the district court (Hon. Saundra Brown Armstrong) as provided by 28 U.S.C. § 636(b) and Civil Local Rule 72.

After considering the written pleadings and oral arguments of counsel, this Court hereby grants Plaintiff's motion and quashes Defendants' subpoenas.

### EEOC moves to Quash Defendants' Subpoenas

The EEOC moves the Court for an order quashing the subpoenas duces tecum Defendants served on Wei's employers after she quit Defendant Lexus including, San Francisco Elk Lodge, The Gold Club, Penna Mechanical, and Biscuits and Blues; and her health care providers including, Kaiser Permanente Medical Group South San Francisco, Kaiser Billing c/o Healthcare Recoveries, Inc., Mental Health Department c/o Kaiser P.M.G. South San Francisco, and Kaiser Foundation Hospital c/o Pharmacy Analytical Services. The EEOC also asks the Court to enter a protective order preventing Defendants from viewing and using any information obtained pursuant to said subpoenas. Some documents had already been produced before the EEOC notified the responding parties of its concerns and filed its motion to quash.

Defendants subpoenaed the following documents from Wei's subsequent employers:

Any and all documents concerning Annie Wei . . . including, but not limited to, all documents reflecting terms of employment, employment applications, resumes, employment contracts, offer letters, document reflecting compensation and earnings, description of job duties, discipline records, termination report, any documents regarding internal complaints, claims or lawsuits filed against your organization by this individual, absence records, incident reports, pre-employment exam records to include typing tests and/or other administrative exams with the results and answers, employee progress records, and documents reflecting benefits including health care information and 401k retirement programs as well as any documents included in the personnel file for Annie Wei.

Defendants also subpoenaed the following from Wei's healthcare providers: All documents and records, including, but not limited

to, any and all treatment that Ms. Wei has had with Kaiser Permanente spanning the entire time that she has been their patient.

Defendants subpoenaed from the health-care billing departments: "Any and all statements of billing charges" regarding any treatment that Ms. Wei had the entire time she has been a Kaiser Permanente–South San Francisco patient. Ms. Wei has been a Kaiser Permanente patient since childhood.

The EEOC contends that the Defendants' subpoenas duces tecum seek information that is lacking in specificity, not relevant to any claim or defense of any party, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, unduly burdensome, or invade the privacy rights of Annie Wei, a claimant on whose behalf the Commission seeks relief in this action.

### Counsel attempted to meet and confer

In efforts to informally resolve this matter without court assistance, on January 12 and 13, 2006, the EEOC sent correspondence to defense counsel and exchanged voice mail messages with him regarding all the subpoenas duces tecum which are now at issue. EEOC counsel had been out of the office on leave and by the time she returned, the time to respond to the subpoenas had arrived and Defendants' counsel had himself departed for a vacation. After a few missed communications and the intervention of the Court, a hearing was set.

## ANALYSIS

### Standing

■ The EEOC has standing as Plaintiff to move to quash. It is immaterial that it has no standing to object as the non-recipient of the subpoenas, since it has standing as Plaintiff to file a motion to quash on all the same grounds. Fed.R.Civ.P. 26©; Rule 45(c)(3)(A)(iii).

### Employment Records

Employment records should not be produced for two reasons:

■ 1. They are cumulative, duplicative and irrelevant, since the EEOC has produced and continues to produce evidence of Wei's mitigation of damages by her employment subsequent to her quitting Lexus. Plaintiff has provided Defendants with documents showing wages earned by Ms. Wei subsequent to her leaving Lexus, and is in the process of providing further wage information to supplement this document production. (Esparza–Cervantes Decl. at ¶ 9, Pltf P & A at 15:2–4)

Similarly, financial documents, such as payroll records, credit verification documents, wage garnishments, health insurance premiums paid through sources other than employers and other private records related to Ms. Wei's finances are irrelevant to any claims or defenses in this case.

■ 2. Defendants seek information about any other harassment claims filed by Ms. Wei *after her employment at Lexus* to try to establish a habit of filing such claims. Similarly, Defendants seek evidence of Plaintiff's work performance at employers for whom she worked after she left Lexus. Work performance with other employers, either before or after the defendant employer, is inadmissible under Rule 404(a) Federal Rules of Evidence (evidence of a trait or character to prove conduct in conformity therewith on a particular occasion is inadmissible). *Rauh v. Coyne, et al.,* 744 F.Supp. 1181, 1184 (D.D.C.1990). Furthermore, the other jobs, as waitress and bookkeeper, were not comparable to Ms. Wei's job as a car salesperson for Lexus.

### Medical Records

Medical records should not be produced because:

■ 1. Ms. Wei has a right of privacy under both federal and California constitutions; California Constitution, Article I, section 1; *Griswold v. Connecticut,* 381 U.S. 479, 484, 85 S.Ct. 1678, 1681, 14 L.Ed.2d 510 (1965) (right to privacy is implied in the 1st, 3rd, 4th, 5th, and 9th Amendments). See also, *Heda v. Superior Court,* 225 Cal.App.3d 525, 527, 275 Cal.Rptr. 136, 137 (1st Dist. 1990). *San Diego Trolley, Inc. v. Superior Court,* 87 Cal.App.4th 1083, 1092, 105 Cal. Rptr.2d 476, 481 (4th Dist.2001). See also

Health Information Portability and Accountability Act ("HIPAA") 42 U.S.C. section 299b–2.

■ 2. Ms. Wei has not waived her right of privacy by asserting more than a garden-variety claim of emotional distress. *Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D.Cal.1995). Defendants attempt to distinguish the case at bar from *Turner*, in which the court held that a plaintiff had not waived privilege and did not have to submit to a Rule 35 medical examination, because they are not asking Wei to submit to a medical examination but are attempting to obtain access to her medical records. This Court finds that if anything, delving into a plaintiff's medical or psychiatric records is even more invasive than conducting a medical or psychological examination, and that the standard for waiver should be at least as rigorous as that in *Turner*. *See Fitzgerald v. Cassil*, 216 F.R.D. 632, 636–638 (N.D.Cal. 2003), *citing Fritsch v. City of Chula Vista*, at 187 F.R.D. 614, 632 (S.D.Cal.1999). In *Fritsch*, the defendant, as in this case, sought medical records unlimited as to time: ("from her first visit to your offices to the present") *Id.* at 616. Even though the plaintiff in that case claimed "severe" emotional distress, the magistrate judge found that this alone did not justify disclosure of any medical records.

> "[T]he plaintiff has not brought a claim for either intentional or negligent infliction of emotional distress; she does not allege that she suffered a psychiatric injury or disorder as a result of the defendants' conduct; she does not claim to suffer from unusually severe emotional distress; and she does not intend to offer expert testimony regarding her emotional distress. Rather, she merely claims damages for emotional distress which she says she suffered as a result of defendants' actions as alleged in the complaint. The mental suffering Plaintiff claims "does not exceed the suffering and loss an ordinary person would likely experience in similar circumstances," and constitutes "matters that are within the everyday experience of the average juror." *Johnson [v. Trujillo*, (Colo. 1999) ], 977 P.2d 152, 157–58."

*Fritsch*, 187 F.R.D. at 632.

■ 3. The test of whether Defendants should obtain access to Ms. Wei's medical records is not relevance—the records may be highly relevant—but the test is whether the privilege has been waived by putting the privileged information "at issue." *Fritsch*, 187 F.R.D. at 625–626, *citing Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225 (D.Mass.1997)(finding waiver of psychotherapist-patient privilege if communication between the two is put at issue by the patient, for example, where the case of action relies on advice or findings of the psychotherapist. Under this measure of fairness, waiver prevents the privilege from being used as both a sword and a shield). *Id.* at 229–30.

■ The test also no longer involves balancing privacy against such factors as the usefulness of the evidence or a defendant's need for it. *Fritsch*, 187 F.R.D. at 625–626, *citing Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). Wei has not waived privacy by intent to offer expert testimony or other evidence of ongoing emotional distress or by alleging specific psychiatric diagnosis or injury. *Turner, Id.*

■ In the case at bar, the EEOC expressly states that "Ms. Wei no longer has symptoms of her distress, and Plaintiff will not seek to introduce expert testimony to support the claims of emotional distress." (Plaintiff's P & A at 9: 16–18). "Consistent with the information already provided to Defendants, Plaintiff volunteers that Ms. Wei has suffered 'garden-variety' emotional distress. She experienced distress and humiliation and felt attacked, and devalued as a woman. She had nervousness, was depressed and occasionally cried. She sought medical treatment on one occasion, while she was working with Lexus. *Yet the EEOC is not intending to use the treating physician's testimony nor present said information into evidence for the present suit.*" (Plaintiff's P & A at 11:4–9) (Emphasis added).

Ms. Wei's medical records are privileged by her right to privacy under California and federal law, and she brings only a "garden-variety" claim for emotional distress damages and she does not intend to rely on those records or on testimony by a medical or

psychiatric expert to support her claim. Consequently, she has not waived this privilege by putting her medical or mental condition at issue.

4. Defendants are not prejudiced because they will have an opportunity to depose Ms. Wei to ascertain the extent and nature of her past emotional distress.

### Conclusion and Order

For all the above reasons, Plaintiff's motion to quash Defendants' subpoenas is granted.