Sarah E. DUDLEY, Appellant,

v.

Hon. Olu A. STEVENS, Judge, Jefferson Circuit Court, Appellee.

and

Erdagon Atasoy, M.D., and Kleinert Kutz and Associates Hand Care Center, PLLC d/b/a Kleinert Kutz, Real Parties in Interest.

No. 2010–SC–000458–MR.

Supreme Court of Kentucky.

April 21, 2011.

As Modified June 16, 2011.

Case Ordered Published by Supreme Court June 16, 2011.

Stuart Wade Hampton Yeoman, Louisville, KY, Counsel for Appellant.

Olu Alfredo Stevens, Jefferson Circuit Court Judge, Louisville, KY, Counsel for Appellee.

John Witt Phillips, Katherine Kaelin Tipton, Phillips Parker Orberson Moore, PLC, Louisville, KY, Counsel for Real Parties in Interest.

Opinion of the Court by Justice VENTERS.

Appellant, Sarah E. Dudley, appeals as a matter of right from a Court of Appeals order denying her intermediate relief from an opinion and order by Appellee, Olu A. Stevens, Judge of the Jefferson Circuit Court. Appellant seeks a writ of prohibition against Judge Stevens to block discovery of her psychiatric and psychotherapy records by Real Parties in Interest, Erdagon Atasoy, M.D., and Kleinert Kutz and Associates. Appellant argues that these records are absolutely privileged under the psychotherapist-patient privilege contained in Kentucky Rule of Evidence 507. For the reasons set forth herein, we affirm the Court of Appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed suit against the Real Parties in Interest seeking damages for alleged negligent diagnosis, care, and treatment by Dr. Atasoy related to her adverse reaction to a Marcaine[1] injection in her shoulder. Dudley alleges that as a result of the Marcaine injection, she has been unable to fully use her arms and legs, and has suffered from decreased strength, endurance, and functional mobility along with pain and spasms. In her complaint she alleged that as a result of the negligence of the Real Parties in Interest she "has incurred, and will incur in the future, damages which include but are not limited to, medical, rehabilitation and attendant care expenses, lost earnings, lost home services, permanent impairment of her ability to labor and earn money, as well as mental, physical and emotional pain and suffering and a loss of the enjoyment of life." Appellant requested both compensatory and punitive damages against the Real Parties in Interest.

In a discovery request, the Real Parties in Interest sought Appellant's medical records, including her psychiatric records. The Real Parties in Interest have reason to believe that Appellant's medical and psychiatric records include evidence relevant to establishing a defense against her claims. Appellant filed a motion for a protective order to prevent her psychiatric records from being subject to discovery. Judge Stevens, without citing to KRE 507, denied Appellant's motion finding that her physical and mental condition is at the heart of her claims. Appellant subsequently filed for a writ of prohibition against Judge Stevens to prevent the discovery of her psychiatric records. The Court of Appeals denied Appellant's petition holding that the majority of her medical records which she claims are privileged are not related to treatment by a psychotherapist and therefore are outside of the purview of KRE 507. Appellant now seeks reversal of the Court of Appeals decision and a writ of prohibition against Judge Stevens's order.

A writ of prohibition *may* be granted upon a showing that:

(1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no

---

1. Marcaine is a trade name for bupivacaine, a long-acting local anesthetic agent. *Mosby's Dental Dictionary* (2d ed.2008).

adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004). It is well settled that there is "no adequate remedy by appeal" if privileged documents are turned over to an opponent through discovery. *Bender v. Eaton,* 343 S.W.2d 799, 802 (Ky.1961). Additionally, "extraordinary relief is warranted to prevent disclosure of privileged documents." *St. Luke Hospitals, Inc. v. Kopowski,* 160 S.W.3d 771, 775 (Ky.2005).

## I. APPELLANT WAIVED HER PSYCHOTHERAPIST–PATIENT PRIVILEGE UNDER KRE 507(c)(3)

■ Appellant argues that she is entitled to a writ of prohibition against Judge Stevens because he erroneously ordered her medical and psychiatric records open to discovery by the Real Parties in Interest. Appellant argues that her records are absolutely privileged per KRE 507, the psychotherapist-patient privilege. KRE 507(b) provides that:

A patient, or the patient's authorized representative, has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purpose of diagnosis or treatment of the patient's medical condition, between the patient, the patient's psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family.

However, there are three exceptions to the privilege:

(1) In proceedings to hospitalize the patient for mental illness. . . .

(2) If a judge finds that a patient, after having been informed that the communications would not be privileged, has made communications to a psychotherapist in the course of an examination ordered by the court, provided that such communications shall be admissible only on issues involving the patient's mental condition.

(3) If the patient is asserting that patient's mental condition as an element of a claim or defense, or, after the patient's death, in any proceeding in which any party relies upon the condition as an element of a claim or defense.

KRE 507(c).

While Judge Stevens did not specifically cite KRE 507 in his order denying Appellant's motion to prevent the discovery of her records, he did state that her "physical and mental conditions are at the heart of her claims against the Defendants" and that "[b]y commencing this action, she has placed her medical conditions in dispute." Thus, he held that Appellant's "medical and psychiatric records are discoverable to the extent that their production may lead to admissible evidence." We agree with Judge Stevens's conclusion because Appellant waived her psychotherapist-patient privilege per KRE 507(c)(3) by asserting a claim implicating her mental condition.

Appellant's complaint states that as a result of the Real Parties in Interest's alleged negligence she has incurred various damages "as well as *mental,* physical and emotional pain and suffering and a loss of the enjoyment of life." By requesting damages for her mental pain she has clearly "asserted [her] mental condition as an element of [her] claim." KRE 507(c)(3). A party claiming damages in the form of mental anguish stemming exclusively from the alleged negligent act must anticipate that the opposing party will be allowed to fairly present mitigating evidence of his mental state before the incident. However, Appellant presents

several arguments to refute this conclusion.

First, Appellant argues that Judge Stevens and the Court of Appeals erroneously interpreted "mental condition" as interchangeable with "emotional condition." Appellant argues that her claim against the Real Parties in Interest is for "garden-variety" emotional damages stemming directly from the alleged negligent treatment and not her overall "mental condition." She argues that by reading and construing KRE 506, the counselor-client privilege, and KRE 507 *in pari material* the conclusion is compelled that "emotional condition" has a different definition than "mental condition." Since KRE 507(c)(3) refers only to the assertion of one's "mental condition" as a waiver of the privilege, Appellant concludes that her assertion of her "emotional condition" does not waive the privilege. However, we need not address the merits of this argument because as previously stated, she asserted her "mental" condition as part of her claim and thus waived her privilege per KRE 507(c)(3).

Second, Appellant argues that we should narrowly construe the implied waiver found in KRE 507(c)(3) and hold that a litigant only waives the privilege by alleging a *specific* mental condition or psychiatric diagnosis as a basis for their claim. She cites the following cases from various jurisdictions adopting such a conclusion. *See e.g. State ex rel. Dean v. Cunningham,* 182 S.W.3d 561 (Mo.2006); *Desclos v. Southern N.H. Med. Ctr.,* 153 N.H. 607, 903 A.2d 952 (2006); *Hoffman v. Brookfield Republic, Inc.,* 87 P.3d 858 (Colo. 2004); *Ruhlmann v. Ulster County Dep't of Soc. Servs.,* 194 F.R.D. 445 (N.D.N.Y. 2000); *Hucko v. City of Oak Forest,* 185 F.R.D. 526 (N.D.Ill.1999); *Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225 (D.Mass.1997). However, other jurisdictions have held that seeking damages for even "garden-variety" emotional distress waives the psychotherapist-patient privilege. *See Doe v. Oberweis Dairy,* 456 F.3d 704, 718 (7th Cir.2006); *Schoffstall v. Henderson,* 223 F.3d 818, 823 (8th Cir. 2000); *Maynard v. City of San Jose,* 37 F.3d 1396 (9th Cir.1994); *Dixon v. City of Lawton,* 898 F.2d 1443 (10th Cir.1990). We find the latter cases are more persuasive than the former. Appellant's claim for mental pain caused by the alleged negligence, put into question her mental state at the time the medical treatment occurred. It would be fundamentally unfair to permit Appellant to allege and prove mental anguish caused by the negligence while denying the Real Parties in Interest from reviewing her mental health records for the possibility of pre-existing mental conditions. Thus, we reject Appellant's argument.

■ Finally, Appellant argues that the Real Parties in Interest failed to present evidence that her medical and psychiatric records fell within an exception to KRE 507. She notes that the party opposing a claim of privilege bears the burden of showing that the privileged materials fall within a recognized exception. *Stidham v. Clark,* 74 S.W.3d 719, 727 (Ky.2002). She also argues that since the Real Parties in Interest did not satisfy their burden, Judge Stevens should not have summarily found that her records were discoverable. However, as stated previously, since Appellant's own complaint requests damages for mental pain, we find that the Real Parties in Interest's satisfied their burden and Judge Stevens did not err by denying her motion for a protective order.

## CONCLUSION

Thus, for the above stated reasons, the decision of the Court of Appeals is affirmed.

MINTON, C.J., CUNNINGHAM, NOBLE, SCHRODER, SCOTT and VENTERS, JJ., concur. ABRAMSON, J., not sitting.